Matter of Couloute (2019 NY Slip Op 05373)





Matter of Couloute


2019 NY Slip Op 05373


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

[*1]
In the Matter of MATTHEW COULOUTE JR., an Attorney. 
(Attorney Registration No. 3905718)

Calendar Date: May 6, 2019

Before: Lynch, J.P., Clark, Devine, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Matthew Couloute Jr., Cumming, Georgia, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2000 after previously being admitted in Connecticut. He currently lists a business address in Georgia, but is not admitted to practice there at this time.
In 2015, state disciplinary authorities in Connecticut commenced a disciplinary proceeding against respondent based upon a private censure he had received in the United States District Court for the District of Connecticut, along with additional allegations of misconduct by nine separate clients including, among other things, client neglect, failing to properly communicate with his clients and failing to promptly deliver client property. Respondent thereafter consented to the imposition of discipline, and, in January 2016, the Superior Court of Connecticut for the Judicial District of Hartford suspended respondent for an 11-month term, with all but five months of the suspension stayed, and additional conditions including a two-year probationary term. Respondent was reinstated to practice in Connecticut in June 2016.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 due to the finding of misconduct in Connecticut. Respondent has submitted an affidavit in opposition to the motion, wherein he concedes that he is subject to discipline in this state and presents matters in mitigation in support of his request for a lesser sanction. As respondent has not raised any of his available defenses to discipline for misconduct in a foreign jurisdiction, we grant AGC's motion and turn to the issue of the appropriate discipline to be imposed (see Matter of Proskurchenko, 171 AD3d 1439, 1440 [2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]).[FN1]
In aggravation, we have considered the nature and severity of respondent's misconduct, along with his admission to multiple instances of misconduct (see ABA Standards for Imposing Lawyer Sanctions §§ 9.22 [c], [d]). Further, we take note of respondent's past disciplinary history, which includes a letter of advisement in August 2014 and his private censure by the District Court in April 2014 (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [a]). Conversely, in mitigation, we note that respondent was suffering through various personal issues during the period of misconduct (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [c]). We also have considered that respondent has complied with the terms of his Connecticut discipline, has been reinstated to the practice of law in that jurisdiction and that the misconduct underlying that discipline is now remote in time. Having considered the facts and circumstances present here, we find that a term of suspension consistent with respondent's actual suspension in Connecticut is appropriate in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Accordingly, we grant AGC's motion and suspend respondent from the practice of law for five months effective nunc pro tunc to January 11, 2016, the date that his Connecticut suspension commenced (see Matter of Donohue, 171 AD3d 1295, 1296 [2019]).
Lynch, J.P., Clark, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of five months, effective nunc pro tunc to January 11, 2016, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: In any event, we note that respondent's misconduct in Connecticut warrants discipline in this state as it constitutes misconduct in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (a); 1.4 (a) (4); 1.15 (c) (4) and 8.4 (d).